# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| RISEN ENERGY CO., LTD. <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Court No. 22-0231 <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

On behalf of Risen Energy Co., Ltd. ("Risen"), a Chinese producer and exporter of Crystalline Silicon Photovoltaic Cells, we hereby bring this civil action and allege the following:

### Parties

1.  Risen Energy Co., Ltd. ("Risen") is a Chinese producer and exporter of Crystalline Silicon Photovoltaic Cells ("Solar Cells") and was a mandatory respondent in the sixth solar cells countervailing administrative review for the period January 1, 2019 through December 31, 2019.

2.  Defendant is the United States of America acting by and through the U.S. Department of Commerce (the "Department").

### Jurisdiction

3.  This action is brought pursuant to 19 U.S.C. § 1516a(a)(2)(A)(i)(I) and (2)(B)(iii) to contest the Department's final results of the administrative review under 19 U.S.C. §1675. *See Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the*

1

*People's Republic of China: Final Results of Countervailing Duty Administrative Review; 2019*, 87 Fed. Reg. 40,491 (July 7, 2022) ("Final Results"), *incorporating* Issues and Decision Memorandum ("Final IDM").  Accordingly, this Court possesses jurisdiction over this action pursuant to 28 U.S.C. § 1581(c).

## Standing

4.     Risen is a foreign producer and exporter of subject merchandise.  The subject merchandise includes solar cells as well as modules, laminates, and panels consisting of solar cells.  Risen participated as an individually examined mandatory respondent in the countervailing administrative review resulting in the contested Final Results.  Accordingly, Risen is an interested party within the meaning of 19 U.S.C. §§ 1516a(f)(3) and 1677(9)(A).

5.     In addition, because the Department's Final Results overstated Risen's countervailing duty margin, Risen has been adversely affected and aggrieved by agency action within the meaning of 5 U.S.C. § 702.  Therefore, Risen has standing to bring this action under 28 U.S.C. § 2631(c).

## Timeliness

6.     Notice of the Final Results was published in the Federal Register on December 9, 2020.  Risen filed the summons instituting this action on August 3, 2022, *i.e.*, within 30 days of publication of the Final Results, serving notice of the action upon all other participants in the investigation on the same date.  Thirty days from August 3, 2022 is September 2, 2022.  Accordingly, Risen is timely filing this complaint and has commenced this action within the time limits specified in 19 U.S.C. § 1516a(a)(2)(A), 28 U.S.C. § 2636(c), and Rule 3 of the Rules of this Court.

**Facts**

7. On February 4, 2021, the Department initiated the sixth administrative review of the countervailing duty order on Solar Cells from China. *Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 86 Fed. Reg. 81,66 (February 4, 2021) (Initiation Notice).

8. The Department selected Risen and JA Solar Technology Yangzhou Co., Ltd. (JA Solar), the two companies accounting for the largest volume of entries in the CBP entry data, as mandatory respondents. *See* Dep't of Commerce, Memorandum re: *Respondent Selection* (March 29, 2021).

9. Risen timely responded to all questionnaire responses. In its Section III questionnaire response, Risen responded to the Department's questions regarding the Export Buyer's Credit Program ("EBC") confirming that none of Risen's customers benefitted from this program. Risen explained that as the exporter, Risen is in a position to know with certainty whether any of its customers used this program. Further, Risen provided certifications from its customers certifying non-use. *See* Risen Sec. III (June 21, 2021) at 40-41 & Exhibit 20.

10. Risen, JA Solar, and petitioner timely submitted benchmark information to measure the adequacy for remuneration for certain alleged countervailable programs. Among this information, parties submitted ocean freight data to be applied to international benchmarks, intended to represent the commercial cost of shipping certain inputs from around the world to China. Respondents submitted data sourced from Xeneta that represented hundreds of datapoints per day per each international route, and including multiple international routes to China. Petitioner submitted data from Descartes that represented limited datapoints for only routes from the United States to China.

11. In the Preliminary Results, the Department assigned the 5.46 percent total adverse facts available rate for the EBC program to Risen, even though the Department acknowledged that Risen submitted evidence to the effect that (1) Risen never applied for subsidies under EBC program for itself or for its customers, and (2) Risen U.S. customers attested to the fact that they never used the EBC.

12. In the Preliminary Results, the Department relied on a simple-average of the Descartes and Xeneta data to value ocean freight in its benchmark calculations.

13. Risen timely filed a case brief, arguing that the Department cannot use AFA to find that Risen used the EBC program merely because the Government of China failed to provide a copy of the alleged China Ex-Im Bank's internal guidelines from 2013 or supply a list of the alleged partner banks/third-party institutions, which the Court of International Trade has ruled in numerous cases is not "necessary information."

14. Risen also argued that the Xeneta ocean freight source should be solely relied upon as the only source that fulfilled the regulatory guidelines for that cost.  In the alternative, Risen also argued that, at a minimum, as the Descartes data only represents routes from the United States to China, the data should only be averaged as one route along with the routes in the Xeneta data.

15. In the Final Results the Department continued to apply AFA for the EBC program. The Department also continued to rely upon Xeneta and Descartes for the ocean freight benchmark data, but adjusted its averaging methodology.

16.     This appeal ensued.

## COUNT I

17. Plaintiff hereby incorporates, by reference, paragraphs 1 through 16 above.

18. The Department's application of AFA with respect to Risen's use of the EBCP is unsupported by substantial evidence and is not in accordance with the law.  19 U.S.C. § 1516a(b)(1)(B)(i) (the court "shall hold unlawful any determination, finding, or conclusion found . . . to be unsupported by substantial evidence on the record, or otherwise not in accordance with law . . ..").

19. Risen demonstrated that it did not use the EBCP, nor did its U.S. customers use the EBCP.  The record does not contain any evidence to the contrary.  As such, the Department's conclusion that Risen used the EBCP is unsupported by substantial evidence.  Furthermore, the Department's determination is not in accordance with the law because the Court of International Trade has found in numeorus cases that the Department cannot apply AFA to this program when all parties involved, namely – the Government of China, the Chinese exporter, and the U.S. customer(s) – all attested to non-use of the program and when there is no necessary information missing from the record.  *See Yama Ribbons & Bows Co. v. United* States, 2019 Ct. Intl. Trade LEXIS 174; Slip Op. 19-173 (Dec. 30, 2019); *Changzhou Trina Solar Energy Co. v. United States*, 2019 Ct. Intl. Trade LEXIS 138, Slip Op. 19-143 (Nov. 18, 2019) ("*Changzhou V*"); *Changzhou Trina Solar Energy Co. v. United States*, 2019 Ct. Intl. Trade LEXIS 138, Slip Op. 19-137 (Nov. 8, 2019) ("*Changzhou IV*"); *Changzhou Trina Solar Energy Co. v. United States*, 2018 Ct. Intl. Trade LEXIS 179, Slip Op. 18-167 (Nov. 30, 2018) ("*Changzhou III*"); *Changzhou Trina Solar Energy Co. v. United States*, 352 F. Supp. 3d 1316, Slip Op. 2018-166 (C.I.T. 2018) ("*Changzhou II*"); *Changzhou Trina Solar Energy Co. v. United States*, 255 F. Supp. 3d 1312 (C.I.T. 2017) ("*Changzhou I*"); *Guizhou Tyre Co. v. United States*, 2019 Ct. Intl. Trade LEXIS

172; Slip Op. 19-171 (December 26, 2019) ("*Guizhou Tyre V*"); *Guizhou Tyre Co. v. United States*, 2019 Ct. Intl. Trade LEXIS 156; Slip Op. 19-155 (December 10, 2019) ("*Guizhou Tyre IV*"); *Guizhou Tyre Co. v. United States*, 2019 Ct. Intl. Trade LEXIS 114, Slip Op. 2019-114 (August 21, 2019) ("*Guizhou Tyre III*"); *Guizhou Tyre Co. v. United States*, 2019 Ct. Intl. Trade LEXIS 58, Slip Op. 19-59 (May 15, 2019) ("*Guizhou Tyre II*"); *Guizhou Tyre Co. v. United States*, 348 F. Supp. 3d 1261 (C.I.T. 2018) ("*Guizhou Tyre I*"); *Jiangsu Zhongji Lamination Materials Co. v. United States*, 2019 Ct. Intl. Trade LEXIS 122, Slip Op. 19-122 (Sep. 18, 2019); *Clearon Corp. v. United States*, 359 F. Supp. 3d 1344 (C.I.T. 2019).

## COUNT II

20. Plaintiff hereby incorporates, by reference, paragraphs 1 through 27 above.

21. The Department's selection of the ocean freight benchmark is unsupported by substantial evidence.  19 U.S.C. § 1516a(b)(1)(B)(i).  The Xeneta ocean freight source alone fulfills the statutory and regulatory guidelines to rely on worldwide market prices that are indicative of prevailing market conditions. 19 U.S.C. § 1677(5)(E); 19 C.F.R. §351.511(a)(2)(ii).

\*   \*   \*

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and against the defendant:

(1) Declaring that the Department's determination to apply AFA and to find that Plaintiff used the EBCP was not supported by substantial evidence and not in accordance with the law;

(2) Declaring the Department's selection of the ocean freight benchmark not supported by substantial evidence; and

(3)  Providing any additional relief as may be just in the circumstances.

          Respectfully submitted,

          /s/ Gregory S. Menegaz
          Gregory S. Menegaz
          Alexandra H. Salzman*
          J. Kevin Horgan
          **deKieffer & Horgan, PLLC**
          1090 Vermont Ave., N.W.  20005, Suite 410
          Tel: (202) 783-6900
          email:  gmenegaz@dhlaw.com

          *Admitted to California Bar; practice supervised by attorneys of the firm who are active D.C. Bar members pursuant to D.C. Bar Rule 49(c)(8).

Dated:  September 1, 2022