# IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE JANE A. RESTANI, SENIOR JUDGE

| | |
|---|---|
| RISEN ENERGY CO., LTD., | )<br>)<br>) |
| Plaintiff, | ) |
| and | )<br>) |
| JA SOLAR TECHNOLOGY YANGZHOU CO., LTD., SHANGHAI JA SOLAR TECHNOLOGY CO, LTD., JA SOLAR CO., LTD., AND JA SOLAR (XINGTAI) CO., LTD. | )<br>)<br>)<br>)<br>) |
| Consolidated Plaintiffs, | )<br>)<br>) |
| v. | ) Court No. 22-231 |
| UNITED STATES, | )<br>)<br>) |
| Defendant. | )<br>)<br>) |

**ORDER**

Upon consideration of the Department of Commerce's final results of redetermination pursuant to remand, defendant's response in support thereto, and all other pertinent papers, it is hereby

ORDERED that the remand results are sustained in their entirety; and further

ORDERED that final judgment is entered in favor of the United States.

Dated:_____, 2023    _____
       New York, NY                    JANE A. RESTANI, JUDGE

## IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE JANE A. RESTANI, SENIOR JUDGE

| | |
|---|---|
| RISEN ENERGY CO., LTD., | ) |
| Plaintiff, | ) |
| and | ) |
| JA SOLAR TECHNOLOGY YANGZHOU CO., LTD., SHANGHAI JA SOLAR TECHNOLOGY CO, LTD., JA SOLAR CO., LTD., AND JA SOLAR (XINGTAI) CO., LTD. | ) |
| Consolidated Plaintiffs, | ) |
| v. | ) Court No. 22-231 |
| UNITED STATES, | ) |
| Defendant. | ) |

**DEFENDANT'S RESPONSE TO COMMENTS
REGARDING THE REMAND REDETERMINATION**

Defendant, the United States, respectfully submits its response to comments in support of the United States Department of Commerce's remand redetermination filed in accordance with this Court's remand opinion and order in *Risen Energy Co., Ltd. v. United States*, 658 F. Supp. 3d 1364 (Ct. Int'l Trade 2023). *See* Final Results of Remand Redetermination Pursuant to Court Order, October 6, 2022, ECF Nos. 37-38.

Consolidated Plaintiffs JA Solar (Xingtai) Co., Ltd., JA Solar Co., Ltd., JA Solar Technology Yangzhou Co., Ltd., and Shanghai JA Solar Technology Co., Ltd. (collectively, JA Solar) do not contest the remand results. ECF No. 56. Plaintiff Risen Energy Co., Ltd. (Risen) did not comment on the remand results.

For the reasons set forth below, we respectfully request that the Court sustain Commerce's remand results.

## BACKGROUND

**I.      The Administrative Determination Under Review**

This case involves challenges to the final results of Commerce's administrative review of the countervailing duty order on crystalline silicon photovoltaic cells, whether or not assembled into modules from the People's Republic of China (China), covering the calendar year 2019. *See Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China*, 87 Fed. Reg. 40,491 (Dep't of Commerce Jul. 7, 2022), and accompanying Issues and Decision Memorandum (IDM).

In its final results, Commerce made an adverse inference that Risen and JA Solar, both mandatory respondents to the review, used the Export Buyer's Credit Program. IDM at 21-23. Commerce made this adverse inference because the government of China failed to cooperate with Commerce's requests for information. *Id.* Commerce explained in the final results that Commerce did not solicit further information from Risen and JA Solar regarding their use of the program because they did not provide non-use certifications for all of their United States customers. *Id.* at 23.

Commerce also found that tax exemptions under Article 26(2) of the Enterprise Income Tax Law (the Article 26(2) Program), which conferred a benefit on JA Solar, were *de jure* specific pursuant to 19 U.S.C. § 1671(5A)(D)(i) because they were limited by law to "enterprises with investment gains derived from direct investment in another resident enterprise, excluding investment gains obtained for holding listed and circulating shares issued by a resident enterprise for less than 12 months consecutively." *Id.* at 77-78.

Commerce further found that JA Solar and Risen received countervailable benefits in the form of land for less than adequate remuneration (LTAR), and calculated the benefit pursuant to 19 C.F.R. § 351.511(a)(2)(iii) using 2010 Thai land data as a benchmark. *Id.* at 70-71.

Finally, Commerce adjusted the benefit conferred on JA Solar and Risen by certain input for LTAR programs by making adjustments to reflect amounts for ocean freight pursuant to 19 C.F.R. § 351.511(a)(2)(iv). *Id.* at 47. Commerce calculated ocean freight using two data sources, Descartes and Xeneta. *Id.* Commerce averaged the two data sources together by calculating an amount for ocean freight for each "route" represented by the data, then simple averaging the routes to calculate a single ocean freight benchmark. *Id.*

## II.    The Court's Remand Order

In its response to plaintiffs' motions for judgment on the agency record, Commerce requested a voluntary remand to reconsider its finding that JA Solar benefitted from the Export Buyer's Credit Program, citing the fact that JA Solar provided non-use certifications on behalf of its sole United States importer customer. ECF No. 33 at 13. Before the Court issued a decision, Commerce also requested a voluntary remand to reconsider its land and ocean freight benchmarks. ECF No. 47. Regarding the Export Buyer's Credit Program, the Court granted Commerce's request with respect to JA Solar. 658 F. Supp. 3d at 1370. With respect to Risen, the Court held that Commerce failed to comply with 19 U.S.C. § 1677m(d), which requires Commerce to provide parties opportunities to remedy deficient filings, when it did not notify Risen that its non-use certifications were incomplete, especially because Risen had later attempted to file the missing non-use certification out of time. *Id.* 1370-71. The Court ordered Commerce to consider the untimely non-use certification, together with Risen's other non-use certifications, as a complete set of non-use certifications. *Id.* at 1371. The Courft further held that Commerce may attempt to verify Risen and JA Solar's non-use claims on remand, but only

4

"to the extent it does not overly burden voluntary participants." *Id.* The Court also held that Commerce's *de jure* specificity determination regarding the Article 26(2) Program was unsupported by substantial evidence and therefore ordered Commerce to remove the program as a countervailable subsidy.[1] *Id.* at 1373.

The Court granted Commerce's requests for a voluntary remand to reconsider its benchmarks for land and ocean freight. With respect to land, the Court ordered that Commerce consider the Court's related holding in *Risen Energy Co., Ltd. v. United States*, 20-03912, 2023 WL 2890019 (Ct. Int'l Trade Apr. 11, 2023) (*Risen II*). In that case, the Court held that Commerce failed to provide a compelling reason for the continued use of 2010 Thai data as a land benchmark, given that the Thai data was then outdated by seven years. *Risen II* at *7. With respect to ocean freight, the Court directed Commerce to consider whether the Descartes data is appropriate for use at all as a source for an ocean freight benchmark. 658 F. Supp. 3d at 1378.

## ARGUMENT

**I.   Legal Standard**

The Court sustains any determination, finding, or conclusion found by Commerce unless it is unsupported by substantial evidence on the record, or otherwise not in accordance with law. 19 U.S.C. § 1516a(b)(1)(B). This standard applies equally to remand redeterminations. *DynaEnergetics U.S., Inc. v. United States*, 298 F. Supp. 3d 1363, 1367 (Ct. Int'l Trade 2018). Remand redeterminations are also reviewed for compliance with the Court's order. *Xinjiamei Furniture (Zhangzhou) Co. v. United States*, 968 F. Supp. 2d 1255, 1259 (Ct. Int'l Trade 2014).

---

[1] The Court found that Commerce did not collect record evidence to show that the Article 26(2) Program is a *de facto* specific subsidy pursuant to 19 U.S.C. § 1677(5A)(D)(iii). *Id.* at 1373 n.3.

**III.     Commerce's Remand Redetermination Should Be Sustained**

In its remand results, Commerce supplemented the record with Risen's final non-use certification. *Remand Results* at 5. Under protest, Commerce found non-use of the Export Buyer's Credit Program and therefore removed the program from the overall subsidy rate for both respondents. *Id.* Therefore, Commerce complied with the Court's order on remand. Although the Court provided that Commerce may attempt verification on remand, Commerce found that verification in this case would be inappropriate. *Id.* at 6.

Also under protest, Commerce removed the 26(2) Program from its overall subsidy rate for JA Solar, and therefore complied with the Court on remand. *Id.* at 6-7.

Next, Commerce explained, consistent with its remand redetermination in *Risen II*, that when calculating a benchmark for land, Commerce will select land data based on the year the land rights in question were conferred on a respondent. *Id.* at 7-8; *see also* Final Results of Redetermination Pursuant to Court Remand, *Risen Energy Co., Ltd. et al. v. United States,* Consol. Court No. 20-03912; Slip Op. 23-48 (Ct. Int'l Trade 2023) (Jul. 11, 2023).[2] Because the land use rights in question were provided to JA Solar and Risen in 2018 and 2019, Commerce determined not to rely on the 2010 Thai data and instead used more contemporaneous Malaysian land data, indexed to the year in which the land use rights were acquired. *Remand Results* at 8-9.

---

[2] Although the Court in *Risen II* accepted Commerce's reasoning as to why the Thai land data was relevant for the purpose of valuing land, the Court held that Commerce's use of a new land for LTAR methodology on remand exceeded the scope of the Court's limited remand order in that case. *Risen Energy Co., Ltd. v. United States*, 665 F. Supp. 3d 1335, 1375 (Ct. Int'l Trade 2023) ("Commerce did not return to the court for the required direction and the court finds it would now needlessly prolong this case to start again, solicit new data, and rebrief the case. Interests in finality supports making a decision on the record as it is whenever possible."). The Court therefore sustained Commerce's first remand results in that case, in which Commerce simple-averaged the Thai and Malaysian land data for all land purchases. *Id.* However, because this is the first remand of this review, and because the Court broadly remanded to Commerce for reconsideration of its land benchmark calculation, Commerce did not exceed the scope of the Court's remand order in this case.

Therefore, Commerce complied with the Court's remand order with respect to the land benchmark.

Finally, Commerce calculated a benchmark for ocean freight solely based on Xeneta data because it found that Descartes data is no longer appropriate for use as a benchmark. *Remand Results* at 9. Therefore, Commerce complied with the Court's order that Commerce consider the continued use of the Descartes data to value ocean freight. *Id.* at 9.

## CONCLUSION

For the reasons explained above, and because no party challenges the final results of remand redetermination, we respectfully request that the Court sustain Commerce's remand results and enter final judgment in favor of the United States.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

/s/ Reginald T. Blades, Jr.
REGINALD T. BLADES, JR.
Assistant Director

/s/ Kelly M. Geddes
KELLY M. GEDDES
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-2867
Email: Kelly.Geddes2@usdoj.gov

OF COUNSEL:
Spencer Neff
U.S. Department of Commerce
Office of the Chief Counsel
for Trade Enforcement and Compliance

February 23, 2024                                        *Attorneys for Defendant United States*

## CERTIFICATE OF COMPLIANCE

Defendant's counsel certifies that this brief complies with the Court's type-volume limitation rules.  According to the word count calculated by the Microsoft Word processing system used to prepare this brief, I certify that this brief contains 1,532 words.

/s/ Kelly M. Geddes

February 23, 2024